# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| KEVIN CONNOLLY,<br><br>                Plaintiff,<br><br>v.<br><br>ALLTRAN FINANCIAL LP,<br><br>                Defendant. | Case No. 19-CV-129-JPS<br><br>**ORDER** |

      This Fair Debt Collection Practices Act ("FDCPA") case is currently before the Court on Plaintiff's motion to compel. Plaintiff explains that on June 6, 2019, he served discovery requests on Defendant, who requested until July 23, 2019 to comply. Plaintiff agreed to the extension. Defendant provided its responses three days later than the agreed-upon extension date, on July 26, 2019. The responses contained "meritless objections and outright refusals to provide information." (Docket #20 at 1). On July 29, 2019, after reviewing the responses, Plaintiff emailed Defendant a letter requesting a meet and confer regarding the response deficiencies.

      The parties conferred telephonically on August 5, 2019, and found themselves at an impasse. On August 21, 2019, after Defendant failed to supplement its responses, Plaintiff submitted an expedited motion to compel pursuant to Civil Local Rule 7(h), to which Defendant never responded. Plaintiff seeks information regarding the potential class size, the identities of the persons in the potential class, the dates on which the letters which allegedly violate the FDCPA were mailed, as well as pertinent account information that Defendant kept regarding Plaintiff. For the reasons explained below, the Court will grant Plaintiff's motion and

reasonable costs and fees associated with the motion to compel. Fed. R. Civ. P. 37(a)(5)(A).

Parties may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). In assessing proportionality, the Rule directs courts to consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*; *Elliott v. Superior Pool Prods., LLC*, No. 15-cv-1126, 2016 WL 29243, at *2 (C.D. Ill. Jan. 4, 2016).

It is well settled that a plaintiff seeking class certification is entitled to discovery on the size of a prospective class. *Muha v. Encore Receivable Mgmt, Inc.*, 236 F.R.D. 429, 430 (E.D. Wis. 2006) (finding class size discoverable in light of Federal Rule of Civil Procedure 23(a)(1), which imposes a numerosity requirement). Some courts withhold discovery on the identities of prospective class members until after class certification. *See Drake v. Aerotek, Inc.*, No. 14-cv-216, 2014 WL 7408715, at *1 (W.D. Wis. Dec. 30, 2014). However, the Court has not bifurcated discovery on the issue of class certification, and the identity of the members is relevant insofar as it goes to their ascertainability. *See Jamie S. v. Milwaukee Pub. Sch.*, 668 F.3d 481, 493 (7th Cir. 2012) (noting that "[a] class must be sufficiently definite that its members are ascertainable."). Additionally, Plaintiff explains that the other information it seeks, regarding account information and Defendant's relationship with Chase, bears on Defendant's claimed "bona fide error" defense. (Docket #20 at 3). Defendant, in turn, has not opposed Plaintiff's motion. The Court discerns no independent reason to deny

Page 2 of 3
Case 2:19-cv-00129-JPS   Filed 09/04/19   Page 2 of 3   Document 23

Plaintiff's motion, and will therefore grant the motion to compel as stated below.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to compel (Docket #20) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Defendant supplement its responses to provide Plaintiff with (1) discoverable information regarding the prospective class's size and members; (2) a copy of the collection agreement between Chase Bank and Defendant; and (3) discoverable information that Chase Bank provided Defendant in connection with the collection of Plaintiff's and other prospective class members' accounts within **twenty-one days** of the date of this Order; and

**IT IS FURTHER ORDERED** that Defendant pay the reasonable costs and fees associated with Plaintiff's motion to compel.

Dated at Milwaukee, Wisconsin, this 4th day of September, 2019.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge